## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                                       |
ALEXANDER ADORNO                                       |   JURY TRIAL REQUESTED
     Plaintiff                                         |
                                                       |
VS.                                                    |
                                                       |
KING DAVID LOGISTICS, LLC  and                         |   MARCH 9, 2021
DAVID WILLIAMS                                         |
     Defendants                                        |
-------------------------------------------------------x
```

## COMPLAINT

1. At all times set forth herein, the Plaintiff, Alexander Adorno, was a resident of Hartford, Connecticut.

2. At all times set forth herein, Defendant King David Logistics, LLC ("Defendant KDL") was a Connecticut limited liability company with its place of business located at 172 Ford Road, Windsor, Connecticut.

3. At all times set forth herein, Defendant David Williams ("Defendant Williams") was a resident of Windsor, Connecticut.

4. Plaintiff was hired by the Defendant KDL in or around February 27, 2020 as a commercial truck driver as that term is defined in 49 CFR 390.5.

5. In this position, Plaintiff was responsible to drive and make deliveries throughout the United States.

6. On March 16, 2020, after completing approximately 10 hours of driving that day, the Plaintiff returned to his home because he'd noticed one of his truck's tires was deflated.

7. Pursuant to 49 CFR §§ 392.7 and 393.75 a driver may not operate a truck with deflated tire.[1]

8. Plaintiff notified Defendant KDL of the condition of his truck. In response Defendant Williams came to Plaintiff's home and instructed him to operate his vehicle in order to take it to have its tire repaired.

9. Plaintiff refused on the grounds that 49 CFR §§ 392.7 and 393.75 precluded him from operating the vehicle. Plaintiff further stated that if he were to operate his vehicle, as instructed by Defendant Williams, he was likely to exceed the 11 hours of operation maximum and 14 consecutive hours of total on duty time maximum imposed on commercial motor vehicle drivers pursuant to 49 CFR § 395.3 and Connecticut State law.[2]

10. In response, Defendant Williams became irate at Plaintiff and physically attacked Plaintiff by striking him in the head and face, and causing him to suffer bodily injuries.

11. Defendant KDL thereafter terminated Plaintiff's employment and failed to pay Plaintiff the wages that he had earned but not yet been paid at the time of his termination.

**FIRST COUNT:** **Wrongful Termination of Employment in violation of the Surface Transportation Assistance Act set forth in 49 USC § 31105 vs. King David Logistics, LLC**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 11 above as Paragraphs 1 through 11 of this First Count as if fully set forth herein.

---

[1] 49 CFR § 392.7 provides: "No commercial motor vehicle shall be driven unless the driver is satisfied that the following parts and accessories are in good working order: … tires…" 49 CFR 393.75 provides: "No motor vehicle shall be operated on any tire that … is flat or has an audible leak…"

[2] Conn. Gen. Stat. § 14-274 provides, *inter alia*, "No person shall operate, nor shall the owner require or permit any person to operate, any motor vehicle with a commercial registration or a motor vehicle for which a passenger endorsement or passenger and school endorsement is required on the highways of this state, when such operator has been continuously on duty for more than twelve hours, and, after a driver has been continuously on duty for twelve hours, he shall not operate, nor shall the owner require or permit him to operate, any such motor vehicle on the highways of this state until he has had at least eight consecutive hours off duty."

12. The Defendant's aforesaid actions are in violation of the provisions of the Surface Transportation Assistance Act set forth in 49 USC § 31105, in one or more of the following ways:

    a. The Defendant terminated the Plaintiff's employment because he accurately reported his hours on duty;

    b. The Defendant terminated the Plaintiff's employment because he refused to operate his vehicle because doing so would result in a violation of 49 CFR § 392.2, 49 CFR § 395.3, 49 CFR §392.7, and / or 49 CFR 393.75;

    c. The Defendant terminated the Plaintiff's employment because he refused to operate his vehicle because doing so presented a serious risk of injury to the Plaintiff and / or the public; and / or,

    d. The Defendant terminate the Plaintiff's employment because Plaintiff made a complaint related to a violation of a commercial motor vehicle safety regulation.

13. As a result of the foregoing conduct of the Defendant, the Plaintiff was caused to suffer damages, including, but not limited to, lost wages.

14. As a further result of the foregoing conduct of the Defendant, the Plaintiff was caused to suffer non-economic damages.

15. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, or will incur, attorney's fees and costs.

16. Prior to instituting this Action, Plaintiff filed an administrative complaint with the Occupational Safety and Health Administration ("OSHA") on or about June 15, 2020. (Attached hereto as Exhibit A.)

17. More than two-hundred and ten (210) days have elapsed since the filing of Plaintiff's OSHA complaint without the issuance of a final decision by OSHA.

**SECOND COUNT:** **Wrongful Termination of Employment in violation of Conn. Gen. Stat. § 31-51q vs. King David Logistics, LLC**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 11 above as Paragraphs 1 through 11 of this Second Count as if fully set forth herein.

12. The Plaintiff spoke as a citizen on a matter of public concern when protested operating commercial motor vehicles in excess of federal and state safety laws and regulations, as set forth above.

13. The Defendant terminated the Plaintiff's employment in violation of Conn. Gen. Stat. § 31-51q when it terminated the Plaintiff on account of the foregoing exercise of his free speech rights under United States and Connecticut Constitutions.

14. As a result of the foregoing conduct of the Defendant, the Plaintiff was caused to suffer damages, including, but not limited to, lost wages.

15. As a further result of the foregoing conduct of the Defendant, the Plaintiff was caused to suffer non-economic damages.

16. As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred, or will incur, attorney's fees and costs.

**THIRD COUNT:** **Failure to Pay Wages in violation of Conn. Gen. Stat. § 31-72 vs. King David Logistics, LLC**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 11 above as Paragraphs 1 through 11 of this Third Count as if fully set forth herein.

12. Defendant's failure to pay to Plaintiff his earned and owed wages constitutes a violation of Conn. Gen. Stat. § 31-71a, *et seq*.

13. Pursuant to Conn. Gen. Stat. § 31-72, violation of Conn. Gen. Stat. § § 31-71a, *et seq*. entitles Plaintiff to "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court."

**FOURTH COUNT:** **Failure to Pay Wages in violation of Conn. Gen. Stat. § 31-72 vs. David Williams**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 13 of the Third Count as Paragraphs 1 through 13 of this Fourth Count as if fully set forth herein.

14. Defendant Williams, as Defendant KDL's owner, directed Defendant KDL not to pay Plaintiff his earned and owed wages.

15. Because Defendant Williams directed and was responsible for Defendant KDL's failure to pay Plaintiff his wages, he is personally liable to Plaintiff pursuant to Conn. Gen. Stat. § 31-71a, *et seq*.

**FIFTH COUNT:** **Battery vs. David Williams**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 11 above as Paragraphs 1 through 11 of this Fifth Count as if fully set forth herein.

12. Defendant Williams willfully attacked Plaintiff, causing him to suffer the physical injuries set forth below.

13. From all the injuries listed below or the effects thereof, the Plaintiff has suffered and will suffer great pain, mental anguish and nervousness, some of which injuries, or the effects thereof, are, or are likely to be, permanent. The Plaintiff's injuries, *inter alia*, are as follows:

    a. Facial trauma;

    b. Busing and lacerations of the face;

    c. Neck pain;

        d.        Other injuries, the nature, extent, and duration of which remain undetermined at the present time.

14. As a further result of the conduct of the Defendant, the Plaintiff has incurred and will incur in the future, considerable expenses for necessary hospital and medical treatment.

15. As a further result of the conduct of the Defendant, the Plaintiff suffers from the fear and anxiety that future medical treatment and/or complications may occur arising out of this accident.

16. As a further result of the conduct of the Defendant, the Plaintiff suffered and will continue to suffer in the future emotional pain and suffering.

17. As a further result of the conduct of the Defendant, the Plaintiff has suffered and will continue to suffer from the loss of ability to enjoy life's pleasures and activities.

*Wherefore*, the Plaintiff hereby requests the following relief:

1. That the Court assume jurisdiction over this matter;

2. A trial by jury;

3. Monetary damages;

4. Double damages, attorney's fees, and costs pursuant to Conn. Gen. Stat. § 31-72;

5. Any and all relief permitted by 49 USC § 31105, including reinstatement, back pay with interest, other consequential damages, litigation costs, reasonable attorney's fees, and punitive damages.

THE PLAINTIFF,
ALEXANDER ADORNO

By: _____
Michael J. Reilly (ct28651)
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: 860-296-3457
Fax: 860-296-0676
Email: mreilly@cicchielloesq.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------------------------------x
                                                       |
ALEXANDER ADORNO                                       |    JURY TRIAL REQUESTED
     Plaintiff                                         |
                                                       |
VS.                                                    |
                                                       |
KING DAVID LOGISTICS, LLC  and                         |    MARCH 9, 2021
DAVID WILLIAMS                                         |
     Defendants                                        |
-------------------------------------------------------x
```

**JURY DEMAND**

    The Plaintiff herein demands a trial by jury.

                                                    THE PLAINTIFF,
                                                    ALEXANDER ADORNO

                                                    By: _____
                                                    Michael J. Reilly (ct28651)
                                                    CICCHIELLO & CICCHIELLO, LLP
                                                    364 Franklin Avenue
                                                    Hartford, CT 06114
                                                    Tel: 860-296-3457
                                                    Fax: 860-296-0676
                                                    Email: mreilly@cicchielloesq.com

# **Exhibit A**

| | | |
|---|---|---|
| ALEXANDER ADORNO | : | DEPARTMENT OF LABOR |
| | : | |
| | : | OCCUPATIONAL SAFETY & |
| VS. | : | |
| | : | HEALTH ADMINISTRATION |
| | : | |
| KING DAVID LOGISTICS, LLC | : | JUNE 15, 2020 |

**WRONGFUL TERMINATION COMPLAINT PURSUANT TO
THE SURFACE TRANSPORTATION ASSISTANCE ACT, 49 USC § 31105**

1. The Complainant, Alexander Adorno, is a resident of Hartford, Connecticut.

2. The Respondent, King David Logistics, LLC, is a Connecticut corporation with its place of business located at 172 Ford Road, Windsor, Connecticut.

3. Complainant was hired by the Respondent in or around February 27, 2020 as a commercial truck driver as that term is defined in 49 CFR 390.5.

4. In this position, Complainant was responsible to drive and make deliveries throughout the United States.

5. On March 16, 2020, after completing approximately 10 hours of driving that day, the Complainant returned to his home because he'd noticed one of his truck's tires was deflated.

6. Pursuant to 49 CFR §§ 392.7 and 393.75 a driver may not operate a truck with deflated tire.[1]

7. The Respondent's owner,. David Williams ("Williams"), came to Plaintiff's home and instructed him to operate his vehicle in order to take it to have its tire repaired.

8. Complainant refused on the grounds that 49 CFR §§ 392.7 and 393.75 precluded him from operating the vehicle, and further, by doing so he was likely to exceed the 11 hours of

---

[1] 49 CFR § 392.7 provides: "No commercial motor vehicle shall be driven unless the driver is satisfied that the following parts and accessories are in good working order: … lighting devices … [and] tires…" 49 CFR 393.75 provides: "No motor vehicle shall be operated on any tire that … is flat or has an audible leak…"

operation maximum and 14 consecutive hours of total on duty time maximum imposed on commercial motor vehicle drivers pursuant to 49 CFR § 395.3.

9. In response, Williams became irate at Complainant, physically assaulting him and causing him to suffer personal injuries.

10. Respondent thereafter terminated Complainant's employment and failed to pay Complainant wages that he was owed.

11. The Respondent's aforesaid actions are in violation of the provisions of the Surface Transportation Assistance Act set forth in 49 USC § 31105, in one or more of the following ways:

    a. The Respondent terminated the Complainant's employment because he accurately reported his hours on duty;

    b. The Respondent terminated the Complainant's employment because he refused to operate his vehicle because doing so would result in a violation of 49 CFR § 395.3, 49 CFR §392.7, and / or 49 CFR 393.75;

    c. The Respondent terminated the Complainant's employment because he refused to operate his vehicle because doing so presented a serious risk of injury to the Respondent and / or the public;

    d. The Respondent terminate the Complainant's employment because Complainant made a complaint related to a violation of a commercial motor vehicle safety regulation.

12. The Complainant hereby requests that the Occupational Safety and Health Administration investigate this Complaint and secure for him the rights guaranteed by 49 USC §

31105, including reinstatement, back pay with interest, other consequential damages, litigation costs, reasonable attorney's fees, and punitive damages.

THE COMPLAINANT,
ALEXANDER ADORNO

By: _____
Michael J. Reilly, His Attorney
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: mreilly@cicchielloesq.com
